UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MELVIN WILLIES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:24-CV-358-TAV-DCP |
| v. ) | |
| ) | |
| BENJAMIN B. WILKINS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER & REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Complaint [Doc. 1] and his Application to Proceed In Forma Pauperis With Supporting Documentation ("Application") [Doc. 5]. For the reasons more fully stated below, the undersigned **GRANTS** Plaintiff's Application [**Doc. 5**] and allows filing of the Complaint without prepayment of costs. The Court, however, **RECOMMENDS** that the District Judge **DISMISS** Plaintiff's Complaint [**Doc. 1**] for lack of jurisdiction.

## I. DETERMINATION ABOUT THE FILING FEE

Plaintiff has filed an Application [Doc. 5] with the required detailing of his financial condition, including his Prisoner Account Statement Certificate ("Certificate") [Doc. 6] as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)(2). Plaintiff attests that he is not able to afford the filing fee, and his Certificate shows that his average balance in his inmate account for the last six months was $65.98 [*Id.*]. One need not be absolutely destitute to enjoy the benefit of proceeding in the manner of a pauper, or in forma pauperis. *Adkins v. E. I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 342 (1948). An affidavit to proceed without paying the

administrative costs is sufficient if it states that the plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id*. at 339. The Application and Certificate show that Plaintiff has little income and is unable to pay such fees. Accordingly, the Court **GRANTS** Plaintiff's Application [**Doc. 5**].

Because Plaintiff is an inmate in the Morgan County Correctional Complex, however, he is **ASSESSED** the civil filing fee of $350.00. The Court **DIRECTS** the custodian of Plaintiff's inmate trust account to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) & (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Court **DIRECTS** the Clerk to send a copy of this order to the custodian of inmate accounts at the institution where Plaintiff is now confined to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA relating to payment of the filing fee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Court **DIRECTS** the Clerk to file the Complaint in this case without the prepayment of costs and fees. The Clerk **SHALL NOT**, however, issue process at this time.

## II. RECOMMENDATION AFTER SCREENING OF THE COMPLAINT

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, sua sponte dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Further, "[t]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertions[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

### A. Summary of the Complaint

Plaintiff completed a form 42 U.S.C. § 1983 complaint [Doc. 1]. In the Complaint, he names attorneys Benjamin B. Wilkins and Joseph S. Ozment as Defendants [*Id.* at 3]. While Plaintiff does not specify the particular case in which Defendants represented him, he generally asserts that

3

Defendants "breached the duties to [him] by failing to provide [him] with competent reasonable and appropriate legal representation" [*Id.* at 4]. He asserts "profession[al] negligence," "breach of fiduciary duty," and "concealment of cause of action" [*Id.* at 2–6]. He seeks damages "of no less than 1.5 million dollars" [*Id.* at 9].

### B. Screening of the Complaint

Section 1983 allows a plaintiff to seek redress from state actors for "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983; *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To state a claim under § 1983, a plaintiff must allege (1) a deprivation of rights secured by the "Constitution and laws" of the United States and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). "[D]efense attorneys, whether appointed or retained, do not act under color of law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Espinoza Vallecillo v. Michigan*, No. 2:19-CV-13354, 2020 WL 85929, at *2 (E.D. Mich. Jan. 7, 2020) (citing *Floyd v. County of Kent*, 454 F. App'x 493, 497 (6th Cir. 2012)).

In his Complaint, Plaintiff states that due to the actions of his attorneys, "[he] was unjustly convicted and wrongly imprisoned" [Doc. 1 p. 4]. In defending Plaintiff in a criminal action, Defendants were not acting under color of state law, and therefore, Plaintiff cannot bring suit against them under § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." (footnote omitted)); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (finding that a private attorney who is appointed by the court does not act under color of state law). There are some narrow exceptions to this rule, such as "[a] person may be a state actor if he or she 'acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.'" *Ayers v. Gabis*, No. 20-11735, 2021

4
Case 3:24-cv-00358-TAV-DCP   Document 12   Filed 11/06/24   Page 4 of 7   PageID #: 56

WL 4316853, at *4 (E.D. Mich. Sept. 23, 2021) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). However, in the absence of "some plausible and specific factual showing that the person acted in concert with state officials to deprive the plaintiff of some constitutional right, a criminal defense attorney is not a 'state actor' and is not subject to suit under 42 U.S.C. § 1983." *Id*. (citing *Elrod v. Michigan Supreme Court*, 104 F. App'x 506, 508 (6th Cir. 2004)). Here, Plaintiff generally asserts that his counsel was ineffective without any supporting factual allegations [Doc. 1]. Absent any pleaded facts demonstrating an exception would apply, Defendants are not subject to suit under § 1983.

In addition, the undersigned notes that while Plaintiff used the form for commencing a federal civil rights action as his Complaint, to the extent Plaintiff attempts to allege legal malpractice, the Court lacks subject matter over such claim. "Federal courts are courts of limited jurisdiction. Unlike state trial courts, they do not have general jurisdiction to review questions of federal and state law, but only the authority to decide cases that the Constitution and Congress have empowered them to resolve." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). A plaintiff must affirmatively allege facts showing the cause of action involves an issue of federal law in order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); Fed. R. Civ. P. 8(a)(1). Here, there is no federal question jurisdiction. As previously explained, the Court has determined that Plaintiff fails to state a claim against Defendants under § 1983, and as a claim for legal malpractice arises under Tennessee state law, not federal law, there is no federal jurisdiction.

Plaintiff has also failed to establish the existence of diversity jurisdiction. Federal courts have diversity jurisdiction where (1) the plaintiff is a citizen of one state and all of the defendants are citizens of other states, and (2) the amount in controversy is more than $75,000. *See Exact*

*Software N. Am., Inc. v. DeMoisey*, 718 F.3d 535, 541 (6th Cir. 2013); 28 U.S.C. § 1332(a). Based on the allegations in the Complaint, and reasonable inferences from those allegations, both Plaintiff and Defendants are citizens of Tennessee [*See* Doc. 1 p. 3].[1]

But even if the Court had diversity jurisdiction, pursuant to the § 1915 screening, there is also a basis to dismiss this action for improper venue. "'A court may dismiss on venue grounds under § 1915 when improper venue is '*obvious from the face of the complaint*' and no further factual record is required to be developed.'" *Bordages v. Thorne*, No. 2:19-cv-02353, 2020 WL 587651 at * 3 (W.D. Tenn. Feb. 6, 2020) (quoting *Brent v. Hyundai Capital Am.*, No. 2:14-cv-02600, 2014 WL 7335415, at *3 (W.D. Tenn. Oct. 2, 2014)); *Woody v. United States*, No. CV 17-121, 2017 WL 5181112, at *1 (E.D. Ky. Nov. 8, 2017) (dismissing the complaint during the screening process because the plaintiff filed it in the wrong venue); *see also* 28 U.S.C. § 1406(a) (If venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). Plaintiff does not allege that Defendants in this action reside in this district or that any of the events giving rise to this action occurred in this district, and thus, venue in this Court is improper. *See* 28 U.S.C. § 1391.

---

[1] It is presumed that a prisoner retains prior citizenship in his domiciled state while incarcerated. *Stifel v. Hopkins*, 477 F.2d 1116, 1126 (6th Cir. 1973); *see also Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001). Plaintiff is incarcerated in Tennessee [Doc. 1 p. 3], and there is nothing in the Complaint to suggest that he is a citizen of any state other than Tennessee.

## III. CONCLUSION

For the reasons explained above, the undersigned **GRANTS** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [**Doc. 5**][2] and **RECOMMENDS**[3] that the District Judge **DISMISS** Plaintiff's Complaint [**Doc. 1**].

Respectfully submitted,

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[2] This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).